SILVERMAN, Circuit Judge,
dissenting:
In 1991, Gesse and Tauer went out on a boat and got into a fight. Only Gesse returned. A few days later, Tauer’s body washed ashore. The autopsy established that the cause of death was drowning; it revealed no other injuries to Tauer (no signs of a struggle or foul play) and also that Tauer had a blood alcohol level of .16. *286 Over seven years later, Gesse was charged with first-degree murder. After an acquittal on first-degree murder and a hung-jury on lesser degrees of homicide, Gesse was retried and ultimately convicted of second-degree murder.
The only living witness to what happened on the boat was Gesse. How, then, did the state prove not only that Gesse killed, Tauer but that he did so with “implied malice ” as opposed to, say, by accident or on a sudden quarrel or provocation? The state admits that it doesn’t really know how Tauer wound up in the water. The state speculates that he either fell in or was pushed, but the indisputable fact is that the prosecution’s theory is nothing more than a theory. Because Tauer had an injured shoulder, the state conjectures that Tauer would not have jumped into the water and tried to swim ashore. But in making its surmise, the state does not account for the fact that Tauer was drunk, had stopped wearing his sling, was seen carrying two six packs of beer earlier that day, and never claimed to anyone that he could not swim with his injured shoulder. The critical point is not whether Tauer really could swim with an injured shoulder, but whether he was sober enough to recognize his limitations, especially since his arm was apparently feeling better. In formulating its theory, the state simply ignores this. Nor does it account for the possibility that Tauer jumped into the water after the fight ended, never intending to swim ashore, but just to get away from Gesse for awhile.
It is true that over the seven years in which this case remained “unsolved,” Gesse made some inconsistent statements about what had happened. The general theme of his story remained constant— that he and Tauer had gotten into a fight and Tauer jumped into the water of his own accord. However, over the years, inconsistencies in some of the details emerged. The jury was well within its rights to draw adverse inferences from this. But these inferences are just as probative of manslaughter as they are of murder and do not shed any light on whether Gesse acted with malice or with a less culpable mental state. In Juan H. v. Allen, 408 F.3d 1262, 1277 (9th Cir.2005), we granted habeas relief due to insufficient evidence to support the petitioner’s first-degree murder conviction, despite evidence that the petitioner had made false statements to police. We rejected as “bare conjecture” the state court’s conclusion that the untrue statements reflected a “consciousness of guilt” to prove the petitioner’s mental state. Id. Just as the false statements in Juan H. did not show that Juan acted with intent to aid and abet the killing, Gesse’s inconsistent statements do not prove that he acted with malice.
To repeat, Gesse’s inconsistent statements are just as probative of a guilty conscience for having killed Tauer by accident and then failing to report it, or upon a sudden quarrel, as it is of a malicious killing. His statements, although probative of a consciousness of wrongdoing, do not as a matter of logic narrow the inquiry into what degree of wrongdoing. It is not enough that Gesse might have acted with malice. Malice must be proven beyond a reasonable doubt, not entertained as a mere possibility.
Two men went out on a boat. One came back, the other drowned. Gesse may well be guilty of something, but the state simply did not prove second-degree murder. I would reverse the district court’s denial of habeas relief.